IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONALD SHANAHAN, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | **COMPLAINT** |
| NATIONAL JUDGMENT RECOVERY | § | Jury Trial Demanded |
| CENTER, L.P., d/b/a/ CAPITAL | § | |
| RECOVER and MAIN STREET | § | |
| ACQUISITION CORPORATION | § | |
| Defendants. | | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION, VENUE, AND STANDING

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

4. "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992).

1

5. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)) (Holding that consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (Holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Id.* at *4 (emphasis in original).

## THE FAIR DEBT COLLECTION PRACTICES ACT

7. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

8. "[T]he FDCPA is a strict liability statute—collector 'need not be deliberate, reckless, or even negligent to trigger liability . . . .'" *Walker v. Pharia, LLC*, No. 4:09-CV-369-Y, 2010 WL 565654, at *3 (N.D. Tex. Feb. 18, 2010) (quoting *Ross v. RJM Acquisitions Runding LLC*, 480 F.3d 493, 495 (7th Cir.2007)).

9. In enacting the FDCPA, Congress intended that Consumers would enforce the act by acting as "private attorneys general." *Young v. Asset Acceptance, LLC*, 3:09-CV-2477-BH, 2011 WL 618274, at *2 (N.D. Tex. Feb. 10, 2011); *Tolentino v. Friedman*, 46 F.3d 645, 652 (7th

Cir. 1995); *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991).  This statutory scheme allows consumers to police the marketplace for the benefit of all participants.

## PARTIES

10. Plaintiff, Donald Shanahan ("Mr. Shanahan"), is a natural person who at all relevant times resided in the State of Texas, County of Montgomery, and City of Magnolia.

11. Mr. Shanahan is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. Defendant, National Judgment Recovery Center, L.P. ("NJRC") is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Mr. Shanahan, as defined by 15 U.S.C. § 1692a(5).

13. NJRC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

14. Defendant, Main Street Acquisition Corporation ("Main Street"), is a debt buyer that, upon information and good faith belief, purchases large amounts of defaulted debts at deep discounts, and then profits by collecting the purchased debts at close to face value.

15. As such, Main Street is a corporation that acquires debt in default merely for collection purposes, and at all relevant times was engaged in the business of attempting to collect a "debt" from Mr. Shanahan, as defined by 15 U.S.C. § 1692a(5).

16. Main Street is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

17. For the past 16 years, Mr. Shanahan worked installing overhead doors and loading docks for businesses.

18. In or around 2010, Mr. Shanahan's mother-in-law was diagnosed with brain cancer.

19. As a result of her illness, Mr. Shanahan's mother-in-law required around-the-clock care.

20. The Shanahans could not afford to hire around-the-clock care.

21. Moreover, Ms. Shanahan realized that, given her mother's illness, these might be the final months that she would ever have with her mother.

22. To save her family the crippling expense of hiring around-the-clock care, and make the best of the little time she had left before her mother passed away, Ms. Shanahan took a break from working to care for her dying mother.

23. The Shanahans, realized they would not be able to meet all of their financial obligations if Ms. Shanahan stopped working, and so they contacted their creditors to work out payment plans on their existing financial obligations.

24. The Shanahans were able to work out payment plans with nearly all of their creditors.

25. However, the Shanahans were unable to come to a workable agreement with Chase Bank.

26. The Shanahans received a credit card account (hereinafter the "account" or the "Debt") from Chase bank in or about 2007.

27. The Shanahans used the Chase card for personal, family and household purposes.

28. The Shanahans wanted very much to come to an agreement with Chase, as they valued their relationship with Chase, and wanted to do the right thing.

29. Nonetheless, the Shanahans could not come up with a workout agreement that Chase would accept, and having no other practical option given the circumstances, the Shanahans were forced to default on their financial obligations to Chase.

30. About eighteen months later, Mr. Shanahan's mother-in-law succumbed to her illness and passed away.

31. After a short period of grieving, Ms. Shanahan returned to work, and the Shanahans set to work repairing their financial affairs.

32. Thereafter, for several years, no one contacted the Shanahans regarding the Chase account, and it was soon forgotten.

33. While no one contacted the Shanahans regarding the account, Chase was taking actions to cut its losses.

34. On July 30, 2010, Chase charged off the account.

35. On January 11, 2011, Chase sold the account in a bundle of 5,494 defaulted receivables (with a total face value of $23,107.417.83), to Main Street for an undisclosed amount of money.

36. Thereafter, Main Street retained NJRC to collect the Debt from Mr. Shanahan on its behalf.

37. On or around May 10, 2013, in connection with the collection of the Debt, Main Street obtained a default judgment against Mr. Shanahan in the amount of $1,997.71.

38. In addition to the aforementioned amount, the court awarded Main Street pre-judgment interest at the rate of 6% per annum from December 22, 2012 (the documents originally showed a date of July 30, 2010, but that date was crossed out and replaced with December 22, 2012) until May 10, 2013, post-judgment interest at the rate of 5% per annum from the date of judgment until paid, attorneys' fees in the amount of $665.90 with interest at the rate of 5% per annum from May 10, 2013 until paid, and for all court costs.

39. A true and correct copy of the May 10, 2013 judgment is attached to this complaint as Exhibit A.

40. On or around June 29, 2016, Main Street obtained a writ of garnishment against Mr. Shanahan and garnished his bank account on or before July 14, 2016.

41. Mr. Shanahan's wife contacted the bank when her debit card associated with Mr. Shanahan's bank account was declined.

42. The bank informed her that Main Street had obtained a writ of garnishment against Mr. Shanahan and provided her a contact number.

43. The contact number rang through to NJRC, a debt collector hired by Main Street which was then doing business as "Capital Recover."

44. Mr. Shanahan telephoned the number provided by his bank and spoke with a representative named, Kelsa Smith.

45. Ms. Smith informed Mr. Shanahan that Main Street obtained a court order to garnish his bank account for the amount of $3,947.31.

46. Thereafter, Ms. Smith emailed Mr. Shanahan a calculation of the total amount due.

47. A true and correct copy of the July 14, 2016 email is attached to this complaint as Exhibit B.

48. NJRC's July 14, 2016 conversation and email regarding the calculation of the total amount due was its initial communication with Mr. Shanahan with respect to the Debt.

49. NJRC's July 14, 2016 email did not contain the notices required by 15 U.S.C. § 1692g(a).

50. NJRC's July 14, 2016 email calculates the amount due as follows:

| | |
|---|---|
| PRINCIPLE JUDGMENT AMOUNT: | $1,997.71 |
| PRE-JUDGMENT INTEREST: *on principle* (6% 07/30/2010 – 5/10/2013) | $351.71 |
| POST-JUDGMENT INTEREST: *on principle* (5% 5/11/2013 – 07/14/2016) | $335.16 |
| ATTORNEY FEE: | $665.90 |
| POST-JUDGMENT INTEREST: *on attorney fees* (5% 5/10/2013 – 07/14/2016) | $111.83 |
| COURT COST: | $335.00 |
| GARNISHMENT: | $150.00 |
| **TOTAL AMOUNT DUE:** | **$3,947.31** |

Exhibit B.

51. Pre-judgment interest on the principle should be calculated from December 22, 2012 to May 10, 2013 and should reflect an amount of $45.65, not $351.71.

52. In the alternative, if the date of pre-judgment interest starts on July 30, 2010, the interest amount should be $333.32, not $351.71.

53. Post-judgment interest on the principle should reflect an amount of $317.44, not $335.16.

54. Post-judgment interest on the attorney fees should reflect an amount of $105.91, not $111.83.

55. The total amount due should reflect an amount of $3,617.61 with pre-judgment interest starting on December 22, 2012, or in the alternative, $3,905.28 with pre-judgment interest starting on July 30, 2010.  *Compare* with Exhibit B.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

56. Mr. Shanahan repeats and re-alleges each and every factual allegation above.

57. Mr. Shanahan is a natural person allegedly obligated to pay a debt owed or due a creditor other than NJRC.

58. Mr. Shanahan's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal account with Chase Bank (the "Debt").

59. NJRC uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts once owed or due, or asserted to be once owed or due, another.

60. Main Street purchases debts once owed or due, or asserted to be once owed or due, a creditor.

61. Main Street acquired Mr. Shanahan's Debt when it was allegedly in default.

62. NJRC violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt.

63. Main Street, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of NJRC – the debt collector it retained to collect on its behalf.

WHEREFORE, Mr. Shanahan prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Mr. Shanahan statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00 per Defendant;

c) Awarding Mr. Shanahan actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Mr. Shanahan reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Mr. Shanahan pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

64.    Mr. Shanahan repeats and re-alleges each and every factual allegation above.

65.    NJRC violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representation or means in connection with the collection of Mr. Shanahan's Debt.

66.    Main Street, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of NJRC – the debt collector it retained to collect on its behalf.

WHEREFORE, Mr. Shanahan prays for relief and judgment, as follows:

    a) Adjudging that Defendants violated 15 U.S.C. § 1692e(10);

    b) Awarding Mr. Shanahan statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00 per Defendant;

    c) Awarding Mr. Shanahan actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Mr. Shanahan reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Mr. Shanahan pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692f(1)

67. Mr. Shanahan repeats and re-alleges each and every factual allegation above.

68. NJRC violated 15 U.S.C. § 1692f(1) by collecting or attempting to collect an amount from Mr. Shanahan not expressly authorized by the agreement creating the Debt or permitted by law.

69. Main Street, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of NJRC – the debt collector it retained to collect on its behalf.

WHEREFORE, Mr. Shanahan prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692f(1);

b) Awarding Mr. Shanahan statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00 per Defendant;

c) Awarding Mr. Shanahan actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Mr. Shanahan reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Mr. Shanahan pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692g(a)

70. Mr. Shanahan repeats and re-alleges each and every factual allegation above.

71. NJRC violated 15 U.S.C. § 1692g(a) by failing to provide Mr. Shanahan with the notices required by 15 U.S.C. § 1692g(a), either in the initial communication with Mr. Shanahan, or in writing within 5 days thereafter.

72. Main Street, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of NJRC – the debt collector it retained to collect on its behalf.

WHEREFORE, Mr. Shanahan prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692g(a);

b) Awarding Mr. Shanahan statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00 per Defendant;

c) Awarding Mr. Shanahan actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Mr. Shanahan reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Mr. Shanahan pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

73.     Mr. Shanahan is entitled to and hereby demands a trial by jury.

Dated: December 28, 2016

Respectfully submitted,

/s/ Russell S. Thompson IV
Russell S. Thompson IV
Southern District Bar # 1572841
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone:     602-388-8898
Facsimile:     866-317-2674
rthompson@consumerlawinfo.com

/s/ Joseph Panvini
Joseph Panvini
Southern District Bar # 1572837
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: 602-388-8875
Facsimile: 866-317-2674

11

jpanvini@consumerlawinfo.com

Attorneys for Mr. Shanahan